In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00155-CR


______________________________




JAMES ABRAHAM PARDON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 185th Judicial District Court


Harris County, Texas


Trial Court No. 859179




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 James Abraham Pardon appeals from his conviction by a jury for the offense of aggravated
robbery. He pleaded true to a prior felony enhancement, and the jury assessed his punishment at
eighteen years' imprisonment.

 Pardon contends the evidence was legally and factually insufficient to support the verdict. 
In our review of the legal sufficiency of the evidence, we employ the standards set forth in Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979). This calls on the court
to view the relevant evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 

 In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light,
favoring neither party. Id.; see Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In
determining the factual sufficiency of the evidence to establish the elements of the offense, we view
all the evidence in a neutral light and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson, 23 S.W.3d at 7;
Clewis, 922 S.W.2d at 129. 

 There is evidence that Pardon, along with another person, Albert Salinas, went home with
Denys Sanchez. Sanchez testified that while there, Pardon pulled out a pistol and took him to a
bedroom where Pardon and Salinas stripped him and tied him up. They then took a number of items
from the house, loaded them in Sanchez's vehicle, and drove away. In the meantime, Sanchez freed
himself and reported the incident to a nearby officer. The officer stopped the vehicle. Salinas and
Pardon exited the vehicle and ran away. 

 Pardon argues that there was insufficient evidence he committed the crime at issue. In
support of these arguments, Pardon points to testimony that he had told his wife that Salinas had
robbed Sanchez, that although stolen property was found in Salinas' home, none was found in his,
and that the State failed to locate a weapon in his apartment. This evidence does not negate the
evidence concerning Pardon's involvement in the crime. 

 In a related argument, Pardon also suggests that because Sanchez testified he had been
interested in a future homosexual relationship with Pardon, Sanchez's testimony should be
discounted because it was not credible.

 It is the jury's job to judge the credibility of the witnesses and the weight to be given their
testimonies. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986). Thus, the appellate court may consider only those few matters
bearing on credibility that can be fully determined from the appellate record. Johnson, 23 S.W.3d
at 8. "Such an approach occasionally permits some credibility assessment but usually requires
deference to the jury's conclusion based on matters beyond the scope of the appellate court's
legitimate concern." Id. 

 The jury's verdict is supported by legally sufficient evidence, and there is no contrary
evidence of such a nature as to indicate that it was made against the overwhelming weight of the
evidence. The contentions of error are overruled.

 The judgment is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: February 12, 2002

Date Decided: April 4, 2002


Do Not Publish